Pauline CHRONIAK, et al.,
Plaintiffs, Appellants,

v.

GOLDEN INVESTMENT CORP., et al.,
Defendants, Appellees.

No. 89–1529.

United States Court of Appeals,
First Circuit.

Heard Sept. 14, 1989.

Decided Oct. 18, 1989.

Peter S. Wright, Jr., Henniker, N.H., for plaintiffs, appellants.

Richard F. Johnston, with whom Raiche, Clark, Kenna, Manchester, N.H., were on brief for defendants, appellees.

Before BREYER and COFFIN, Circuit Judges, and MAYER, Circuit Judge, of the Federal Circuit, sitting by designation.

## CERTIFICATION

BREYER, Circuit Judge.

This diversity case involves two loans made by the defendants, Golden Investment Corp. and its president Armand Roberts, to the plaintiffs, Thomas Pugliese and his aunt Pauline Chroniak. Resolution of the case depends upon the proper construction of Chapter 398–A of the New Hampshire Revised Statutes, which is entitled "Second Mortgage Home Loans." We are unable to find any New Hampshire cases construing the statute. Accordingly, we certify two questions to the Supreme Court of New Hampshire.

## I

In 1986, Thomas Pugliese faced various criminal charges in New Hampshire and needed $75,000 cash to obtain his own release on bail. A bail bondsman referred him to Armand Roberts, who agreed to lend Pugliese the money through Roberts' business, Golden Investment Corp. ("Golden"). The $75,000 note was co-signed by Pugliese's aunt, Pauline Chroniak and secured by a mortgage on Chroniak's previously unencumbered house. It called for biweekly interest payments of $1,384.61 until the principal was repaid. The entire principal became due ninety days after Pugliese's bail was released or forfeited.

On July 27, 1987, while the first loan was still outstanding, Pugliese borrowed another $27,000 from Golden. (Although the face value of this second note was $27,000, Pugliese contends that he received only $20,000.) This loan, which also was secured by a mortgage on Chroniak's house and co-signed by her, called for repayment of $7,000 within ninety days of the loan date, $10,000 within 180 days of the loan date, and $1,000 interest each month thereafter until the remaining $10,000 was paid (except that if either the $7,000 or $10,000 repayments were late, the note called for monthly interest payments of $2,000 instead of $1,000 until the principal was repaid).

On June 29, 1988, Pugliese repaid the entire principal on the $75,000 note. By this time, he had made interest payments totalling $74,768.94 on the first note and had paid $18,000 on the second note. Shortly afterwards, Pugliese tendered $2,000 in full satisfaction of the $27,000 loan. (Consistent with his contention that he received only $20,000 from the second loan, Pugliese claimed that only $2,000 was due.) Golden rejected the tender on the second loan, notified Pugliese that he was in default, and began foreclosure proceedings on the Chroniak house. (These have since been suspended by agreement of the parties.)

Pugliese and Chroniak then brought this action against Golden and Roberts, claim-

ing that both loans violated subsection 3 of New Hampshire's Second Mortgage Home Loans statute, RSA 398–A: 3. (All references in this certification to RSA Ch. 398–A are to the version of the statute in effect at the time the loans were made.) Subsection 3 provides that a "lender shall have no right to collect interest" if "any note secured by a mortgage ... does not ... specify ... the rate of interest...." They sought to rescind the notes and recover all interest paid. They also made the notes the basis of claims under New Hampshire's consumer protection statute, RSA Ch. 358–A, New Hampshire's Unfair, Deceptive or Unreasonable Collection Practices statute, RSA Ch. 358–C, and the federal Racketeer Influenced And Corrupt Organizations statute (RICO), 18 U.S.C. § 1653 *et seq.*

The defendants moved for summary judgment, contending, *inter alia,* that RSA 398–A: 3 did not apply to the two loans at issue in this case. The defendants argued that subsection 3 (which applies to "any note secured by a mortgage") applied only to notes issued by persons who were required by subsection 1–a to obtain a license. Subsection 1–a says that "[n]o person shall engage in the business of second mortgage loans unless he ... first obtains a license;" but, it also says that "[a] person shall not be deemed to be in the business of second mortgage home loans if he makes not more than 4 second mortgage loans in a calendar year." The defendants argued that because they had not made more than four mortgage-backed loans in any year, they were not required to obtain a license under the statute and therefore were not subject to the requirements of RSA 398–A: 3.

The defendants also argued that RSA 398–A: 10 exempted them from the requirements of the remainder of the chapter. Subsection 10, paragraph II, provides, "Nothing contained in this chapter shall be deemed to have any effect on individuals or corporations who make mortgage loans incidental to the conduct or the operation of another business, such as real estate or construction." Alleging that Roberts formed Golden Investment Corporation "with the intent of investing in commercial real estate projects," the defendants argued that Golden was "another business" within the meaning of RSA 398–A: 10, that the two loans were "incidental to the conduct" of that business, and that Roberts and Golden therefore were not covered by RSA Ch. 398–A.

For these and other reasons, the district court granted summary judgment in favor of the defendants.

## II

Because we are unsure whether the two loans made by the defendants violated RSA 398–A: 3, we certify the following questions to the New Hampshire Supreme Court:

1. Does RSA 398–A: 3 apply to persons who, like defendants, are lenders but are not "in the business of second mortgage loans?" RSA 398–A: 1–a.
2. If the answer to the first question is yes, are loans made by a corporation formed to engage in real estate investment nonetheless exempted from the requirements of RSA Ch. 398–A by RSA 398–A: 10, assuming they are "incidental to the conduct of [that] business?" RSA 398–A: 10.